1 | Ira M. Siegel, Cal. State Bar No. 78142
email address: irasiegel@earthlink.net
2 | LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
3 | Beverly Hills, California 90210-4426
Tel:    310-435-7656
4 | Fax:    310-657-2187

5 | Attorney for On the Cheap, LLC DBA Tru Filth, LLC

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 | **San Francisco Division**

11 | On the Cheap, LLC DBA Tru Filth, LLC, | **CASE NO. CV CV 10 -04472 BZ**
a California limited liability company,

12 | **1. PLAINTIFF'S REQUEST FOR ORDER VACATING CASE MANAGEMENT**
Plaintiff,
13 | **CONFERENCE , OR, IN THE ALTERNATIVE, FOR A TELEPHONIC**
v.
14 | **CONFERENCE,**

DOES 1-5011,
15 | **AND**
Defendants.
16 | **2. STATUS REPORT**

17 | **JUDGE: Bernard Zimmerman,** United States
Magistrate Judge
18 | **Date:** April 25, 2011
**Time:** 4:00 p.m.
19

20 | **PLAINTIFF'S REQUEST FOR ORDER VACATING CASE**
**MANAGEMENT CONFERENCE , OR, IN THE ALTERNATIVE, FOR A**
21 | **TELEPHONIC CONFERENCE**

22 | This matter is scheduled for a case management conference ("CMC") on April 25, 2011

23 | at 4:00 p.m. in Courtroom G, 15th Floor, San Francisco. However, because all defendants are

24 | Doe defendants who are Internet service subscribers whose true identities are currently known

25 | only to their Internet service providers ("ISPs"), no defendant has yet been served. So, there are

26 | currently no identified defendants with whom to hold conferences. The Court is asked to take

27 | notice of the fact that the semi-anonymity available from the Internet allows copyright "pirates"

28

Plaintiff's Request for Order Vacating Case Management     1
Conference , or, in the Alternative, for a
Telephonic Conference, and Status Report - CV 10 -04472 BZ

1  to enjoy the fruits of their piracy while forestalling litigation against them for their

2  infringements.

3  On February 3, 2011, the Court issued its Order Granting Ex Parte Application for Leave

4  to Take Limited Discovery Prior to a Rule 26 Conference. The Application essentially sought

5  leave to serve subpoenas on ISPs that require them to disclose subscribers whose accounts were

6  used in connection with copyright infringements from specific Internet Protocol (IP) addresses at

7  particular dates and times.

8  As more fully described in the Status Report section of this filing, depending upon the

9  speed with which ISPs can respond to subpoenas (various ISPs have indicated different

10  capabilities with respect to the speed with which they can completely respond to subpoenas), the

11  requested preliminary discovery is taking many months.

12  In view of the foregoing, Plaintiff requests that the scheduled CMC be vacated and that,

13  instead, Plaintiff be required to submit a status report approximately 150 days from now, namely

14  on about September 26, 2011.

15  In the alternative, Plaintiff requests that the CMC be held telephonically. The

16  undersigned would attend. His land line telephone number, at which he will be available

17  Monday, April 25, 2011 at 4:00 p.m. if the CMC is held telephonically is

18  Land Line Tel: **310-657-2176**.

19  The undersigned can always be reached at his business telephone number **310-435-7656**.

20  Plaintiff expresses its gratitude to the Court in advance for its consideration.

21

22  **PLAINTIFF'S STATUS REPORT**

23  This case is a copyright infringement case. It involves the mass piracy of motion pictures

24  that have been plaguing the country as advances in technology have made infringements almost

25  effortless to accomplish at the same time that identifying the infringers has become more

26  difficult.

27

28
Plaintiff's Request for Order Vacating Case Management        2
Conference , or, in the Alternative, for a
Telephonic Conference, and Status Report - CV 10 -04472 BZ

1    Former United States Senator Chis Dodd, in his inaugural speech as the new president of

2    the Motion Picture Association of America, on March 29, 2011, stated,

3                "Let's begin with perhaps the single biggest threat we face as an industry:
     movie theft. At the outset, I want you to know that I recognize and appreciate that
4    NATO [National Association of Theatre Owners] members are on the front lines
     every day when it comes to preventing camcording. Further, I want you to know
5    that the member studios of the MPAA deeply appreciate the efforts you make
     every day to stop the hemorrhaging of movie theft in your theaters.
6                "I am deeply concerned that too many people see movie theft as a
7    victimless crime. After all, how much economic damage could there be to some
     rich studio executive or Hollywood star if a movie is stolen or someone watches a
8    film that was stolen? It is critical that we aggressively educate people to
     understand that movie theft is not just a Hollywood problem. It is an American
9    problem.
                "Nearly 2.5 million people work in our film industry. The success of the
10   movie and TV business doesn't just benefit the names on theater marquees. It also
11   affects all the names in the closing credits and so many more - middle class folks,
     working hard behind the scenes to provide for their families, saving for college
12   and retirement. And since movies and TV shows are now being made in all 50
     states, Puerto Rico and the District of Columbia, movie theft harms middle class
13   families and small businesses all across the country.
                "Those who steal movies and TV shows, or who knowingly support those
14   who do, don't see the faces of the camera assistant, seamstresses, electricians,
15   construction workers, drivers, and small business owners and their employees
16   who are among the thousands essential to movie making."

17   See, e.g., the web page at,

18   http://www.boxofficemagazine.com/news/2011-03-29-new-mpaa-chief-senator-chris-dodd-delivers-inaugural-state-of-the-industry-speech

19   a copy of which is attached hereto as **Exhibit 5**.

20       In written responses to a series of questions submitted by Variety magazine that were

21   published on April 13, 2011, Vice President Joe Biden stated,

22                "Look, piracy is outright theft. People are out there blatantly stealing from
     Americans -- stealing their ideas and robbing us of America's creative energies.
23   There's no reason why we should treat intellectual property any different than
     tangible property.
24                                            ***
25                "The fact is, media companies have already taken significant steps to
     adapt their business models to keep up with changes in how we watch movies and
26   listen to music. Content is being offered to consumers in a variety of different ways
     that make it easy and cost-effective for people to access legal material. Anyone
27   who does not understand this should simply talk with one of my grandkids."

28
     Plaintiff's Request for Order Vacating Case Management          3
     Conference , or, in the Alternative, for a
     Telephonic Conference, and Status Report - CV 10 -04472 BZ

1   The Variety article can be seen here,

2      http://www.variety.com/article/VR1118035369

3   a copy of which is attached hereto as **Exhibit 6**.

4      Of course, what we do have the Copyright Act, and aggrieved parties must, for the most

5   part, enforce their copyrights themselves.

6      But, because there are obstacles slowing down identification of the people using the

7   Internet for their infringing activities, as described in the Declaration of Jon Nicolini that is of

8   record in this case, and see Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal.

9   1999), serving actual defendants with summons and complaint is delayed.

10      Attached hereto as **Exhibit 2** is an analogous case decided by Judge Beryl A. Howell of

11   the District Court of the District of Columbia. That case is Call of the Wild Movie, LLC v. Does

12   1-1,062, (D. DC 2011) decided March 22, 2011 (U.S. District Court for the District of Columbia,

13   Case No. CV 10-00455-BAH). The main reason that case is attached is to confirm that, in these

14   cases, obtaining the identities of the Doe defendants is a very time consuming effort. The Court

15   is asked to take notice that that case had been pending for a year by the time that opinion was

16   rendered, without any defendant's being served. (A review of the PACER record for that case

17   will confirm that fact.)

18      The undersigned counsel has filed in this District other cases involving these mass

19   copyright infringements. In total, there are ten (10) cases pending here. They are,

20      Patrick Collins, Inc. v. Does 1-1219, Case No. CV 10-04468 LB
        Third World Media, LLC v. Does 1-1568, Case No. CV 10-04470 LB
21      Media Products, Inc. DBA Devil's Film v. Does 1-1257, Case No. CV 10-04471 MEJ
22      On the Cheap, LLC DBA Tru Filth, LLC v. Does 1-5011, Case No. CV 10-04472 BZ
        Third Degree Films, Inc. v. Does 1-2010, Case No. CV 10-05862 HRL
23      New Sensations, Inc. v. Does 1-1745, Case No. CV 10-05863 MEJ
        New Sensations, Inc. v. Does 1-1768, Case No. CV 10-05864 PSG
24      Diabolic Video Productions, Inc. v. Does 1-2099, Case No. CV 10-05865 PSG
        Evasive Angles, Inc. v. Does 1-1149, Case No. CV 10-05885 JCS
25      Patrick Collins, Inc. v. Does 1-3757, Case No. CV 10-05886 LB

26

27      Each case involves a single work that has been infringed by numerous "semi-anonymous"

28   Doe defendants. By now, in every one of these cases an Ex Parte Application for Leave to Take

Plaintiff's Request for Order Vacating Case Management         4
Conference , or, in the Alternative, for a
Telephonic Conference, and Status Report - CV 10 -04472 BZ

1    Limited Discovery Prior to a Rule 26 Conference has been filed. In three of the cases, by early

2    February, 2011 orders issued allowing discovery prior to a Rule 26 conference so that plaintiffs

3    could subpoena ISPs for the identities of the relevant subscribers. Magistrate Judge Joseph C.

4    Spero has denied without prejudice the ex parte application before him because he is concerned

5    about the appropriateness of joinder. That issue has been addressed in each of the four

6    Applications filed after Magistrate Judge Spero's decision, including in the Application filed in

7    connection with New Sensations, Inc. v. Does 1-1745, Case No. CV 10-05863 MEJ. In that

8    case, Chief Magistrate Judge James recently granted the ex parte application, noting in the Order

9    that

10                 "joinder of all defendants at this stage of the litigation is proper.

11                 This decision is without prejudice to any motion for severence by a
current Doe defendant who is later included in this action by his or

12                 her true name."

13    Ex parte applications are currently pending in five cases, and a new ex parte application will be

14    filed in Magistrate Judge Spero's case.)

15        In the time following the granting of the first three Applications, counsel has negotiated

16    with various Internet Service Providers (ISPs) regarding costs and rate of throughput. Some

17    ISPs have represented that, between their obligations to provide similar information to law

18    enforcement organizations and to counsel for plaintiffs in other mass infringement cases, they

19    can only provide a fraction of the requested Doe identities per month, and they have various cost

20    demands. See, Call of the Wild Movie, LLC v. Does 1-1,062, pages 2, 27-39, for a description

21    of the type of negotiations that must be conducted separately with each of many different ISPs.

22    Of course, one would hope that ISPs would soon acquire the facility to meet the throughput

23    requested of them in view of the fact that many ISPs advertise their premium (i.e., higher cost)

24    services as the ones subscribers should purchase in order to **download music and movies** (i.e.,

25    infringers' desire to enhance their downloading experience helps drive up demand for ISPs'

26    premium services). See, for example, the promotional material by Time Warner Cable with

27    respect to its Internet services. A copy is attached hereto as **Exhibit 3**, with an oval and circle

28    added by the undersigned to draw attention to an ISP's promotion of its premium service.

Plaintiff's Request for Order Vacating Case Management      5
Conference , or, in the Alternative, for a
Telephonic Conference, and Status Report - CV 10 -04472 BZ

1   In addition, during those months, counsel has set up systems that are intended to expedite

2   the process of issuing subpoenas to the many ISPs.  That and the understandings reached with

3   ISPs' compliance departments should help expedite the process of obtaining Doe identities as

4   new orders granting early discovery are granted.

5   In future, ex parte applications in similar cases will be filed right after the complaints are

6   filed.

7   As indicated above, Plaintiff requests that no further Case Management Conference be

8   set yet, and that, instead, Plaintiff be required to submit a status report approximately 150 days

9   from now (i.e., on about September 26, 2011).  That period of time will allow for (i) continued

10  negotiations with ISPs regarding throughput and costs, (ii) ISPs to have 30 days to at least make

11  their initial searches for subscriber identities and to notify each such subscriber of his or her

12  opportunity to file motions to quash the subpoena with respect to him or her, (iii) notified

13  subscribers to file motions to quash if they wish, and (iv) ISPs to provide to Plaintiff's counsel

14  the identities of those subscribers that have not filed motions to quash.

15              Respectfully submitted,

16

17  Date:  April 22, 2011

18              Ira M. Siegel, Cal. State Bar No. 78142
            email address:  irasiegel@earthlink.net
19          LAW OFFICES OF IRA M. SIEGEL
            433 N. Camden Drive, Suite 970
            Beverly Hills, California 90210-4426
20          Tel:    310-435-7656
            Fax:   310-657-2187
21

22              Attorney for On the Cheap, LLC DBA Tru Filth, LLC

23  Plaintiff's request to vacate the Case Management Conference is **DENIED.**  Instead,
    the Case Management Conference is **continued to Monday, September 26, 2011 at**
24  **4:00 p.m.**  An updated Case Management Statement is due no later than
    **September 19, 2011**.

25

26

27

28  Plaintiff's Request for Order Vacating Case Management          6
    Conference , or, in the Alternative, for a
    Telephonic Conference, and Status Report - CV 10 -04472 BZ

IT IS SO ORDERED
Judge Bernard Zimmerman