EDWARDS ANGELL PALMER & DODGE LLP
Jon-Paul Lapointe, Bar No. 250546
jlapointe@eapdlaw.com
660 Newport Center Drive, Suite 900
Newport Beach, CA 92660
Telephone: 949.423.2100
Facsimile: 949.423.2101

CROSBY & ROWELL LLP
William B. Rowell, Bar No. 178587
The American Bag Building
299 Third Street, Second Floor
Oakland, CA 94607
Telephone: (510) 267-0300
Facsimile: (510) 839-6610

Attorneys for Movant
John Doe 70.109.224.221.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ON THE CHEAP, LLC, a California Corporation, doing business as Tru Filth, LLC<br><br>Plaintiff,<br><br>v.<br><br>Does 1-5011,<br><br>Defendant(s). | Case No. CV 10-04472 BZ<br><br>**Memorandum Of Points And Authorities Of John Doe, I.P. Address 70.109.224.221 In Support Of Motion To Quash Subpoena Pursuant to Fed. R. Civ. P. 45(c)(3)**<br><br>**JUDGE: BERNARD ZIMMERMAN,** United States Magistrate Judge<br><br>**Date and Time:** September 7, 2011 at 10:00 am<br>**Courtroom:** C – 15th Floor |

PLEASE TAKE NOTICE that the Date and Time for Hearing on this Motion of John Doe 70.109.224.221 To Quash Subpoena is as follows: September 7, 2011 at 10:00 am.

Movant John Doe, identified by the I.P. Address No. 70.109.224.221, (hereinafter "John Doe 70.109.224.221"), through his attorney, Edwards Angell Palmer & Dodge LLP, moves this Honorable Court to quash the portion of the subpoena dated March 22, 2011 directing Verizon Internet Services, an internet service provider, to produce John Doe's identifying information on

1  the grounds of the lack of personal jurisdiction. This Motion and Supporting Memorandum of
2  Points and Authorities is submitted on behalf of John Doe 70.109.224.221 only.
3      In support of this motion, Movant directs the Court's attention to the following
4  Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Defendant John Doe's Objection to the Subpoena is Timely

Movant received a letter from his internet service provider Verizon Online ("Verizon") dated June 30, 2011, a redacted copy of which is attached as Exhibit A to the contemporaneously filed Motion to Quash. The letter identified Movant's IP address as 70.109.224.221 and advised Movant that he had 30 days to object to the production of his personal information. This motion to quash is therefore timely filed.

### II. The Court Should Quash The Subpoena Because The Northern District of California Lacks Personal Jurisdiction Over Movant John Doe 70.109.224.221.

There is an insufficient relationship between Plaintiff's claim and Movant's contacts with California to justify the court's exercise of jurisdiction over him. Due process requires that a defendant be sued in a jurisdiction where the Court has personal jurisdiction over that defendant. World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). Jurisdiction over a defendant may be general or specific in nature. Specific jurisdiction may exist only when defendant has purposefully availed himself of the benefit of the jurisdiction through contacts with the forum. Id.

Plaintiff has not alleged any direct contact between the Movant and this jurisdiction. Instead, the complaint merely contains the following general allegation of jurisdiction: "[a]lthough the true identity of each individual Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District, and/or the acts complained of herein occurred and/or have a significant effect within this District." First Amended Complaint, Doc. No. 7, p. 2, ¶2. Such "general internet jurisdiction" has been rejected. See Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 420 (9th Cir. 1997) (affirming the trial court's dismissal for lack of personal jurisdiction when the defendant "engaged in no commercial

EDWARDS ANGELL
PALMER & DODGE
LLP
ATTORNEYS AT LAW

PRV 1146960.1    - 2 -    Memorandum Of Points And Authorities Of John Doe, I.P. Address 70.109.224.221, In Support Of Motion To Quash Subpoena

activity and had no other contacts via the Internet or otherwise in" the forum state); see also, uBid, Inc. v. The GoDaddy Group, Inc., 623 F.3d 421 (7th Cir. 2010) ("The plaintiff must still prove that the defendant had constitutionally sufficient contacts with the forum and that the defendant's contacts were temporally and substantively related to the lawsuit. Without that showing, the mere fact that the defendant allegedly caused harm by conducting business or advertising over the Internet is not adequate to establish jurisdiction in the plaintiff's chosen forum state."); GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343, 1350 (D.D.C. 2000).

The constitutional standard is whether the defendant had certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). As attested by the Declaration of John Doe, I.P. Address 70.109.224.221, In Support Of Motion To Quash Subpoena, the IP address listed for the Movant is not within the jurisdiction of this Court and neither is Movant. Further, Movant has no other significant relationship with this forum. It is improper and against the traditional notions of fair play and substantial justice for Movant to be subjected to this lawsuit in this jurisdiction. It is also improper for Verizon to be required to turn over Movant's identifying information to Plaintiff.

Accordingly, for all these reasons, Movant John Doe identified through IP Address 70.109.224.221 requests the Court issue an order quashing the portion of the subpoena directed to Verizon relating to the IP address 70.109.224.221.

Respectfully submitted,

Dated: July 29, 2011

Edwards Angell Palmer & Dodge LLP

By: _____
Jon-Paul Lapointe
Attorney for Movant
John Doe 70.109.224.221