Corynne McSherry (CA SBN 221504)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Amicus Curiae
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| On The Cheap, LLC d/b/a Tru Filth, LLC, a California Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>Does 1-5011,<br><br>       Defendants. | CASE NO. 10-cv-4472 BZ<br><br>**ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE REGARDING ORDER TO SHOW CAUSE; [PROPOSED] ORDER THEREON**<br><br>Hon. Bernard Zimmerman<br>Courtroom C – 15th Floor |

## I. INTRODUCTION

The Electronic Frontier Foundation ("EFF") respectfully requests that this Court grant leave to file an amicus curiae brief in the above-captioned matter, urging the Court to dismiss this case.

Plaintiff has consented to the filing.

EFF seeks leave to file because no one currently before this Court represents the interests of the anonymous Doe Defendants whom Plaintiff seeks to unmask. EFF strongly believes that the Court would benefit from a thorough discussion of (a) the context of the recent nationwide campaign of mass end-user litigation against allegedly infringing downloaders; (b) the substantive and procedural safeguards that protect the Doe Defendants; and (c) the relevant rules regarding joinder, venue and personal jurisdiction and how their rigorous application is especially important in cases in where, as here, the rights of more than 5,000 anonymous Defendants are at issue.

With respect to the latter point, EFF's brief will discuss several recent decisions from similar "mass copyright" cases nationwide, including from the Northern District of California, in which tens of thousands Does have been severed for misjoinder in the past few months alone, as well as a recent decision from the District of Columbia dismissing 23,000 Does based on improper venue and lack of jurisdiction. EFF's brief will compile those decisions as of the date of filing in order to advise the Court of important additional persuasive authority from other courts across the country that have been asked to entertain these novel suits. EFF will also submit expert analysis that raises serious questions regarding Plaintiff's claims about BitTorrent technology and the jurisdiction of the Court to entertain this action.

EFF is aware that this motion comes a bit late in these proceedings. EFF only became of aware of these proceedings a few days ago. After reviewing Plaintiff's Response to the Court's Order to Show Cause, EFF concluded that it omitted crucial legal and factual information, and misled the court as to the technology allegedly used by the Doe Defendants. Therefore, EFF moved as quickly as possible to prepare the attached brief and supporting documents, in the hopes that the Court will have an opportunity to review it in advance of the August 26, 2011 hearing. Of course, EFF would have no objection to Plaintiff filing a supplemental response, if the Court finds that appropriate.

## II. INTEREST OF AMICUS

EFF is a non-profit, member-supported civil liberties organization working to protect rights in the digital world. EFF actively encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society. Founded in 1990, EFF is based in San Francisco, California. EFF has members all over the United States and maintains one of the most linked-to websites (http://www.eff.org) in the world.

As part of its mission, EFF has served as counsel or *amicus* in several cases in which plaintiffs have attempted to sue hundreds or even thousands of anonymous John Doe defendants from all over the country in individual lawsuits, alleging copyright infringement, often of a single pornographic movie. For example, EFF was appointed attorneys *ad litem* to represent 670 Doe defendants in a similar case in the Northern District of Texas[1] and has participated as amicus in numerous others nationwide.[2] While EFF takes no position on the merits of the actual copyright claims in these cases, it is deeply concerned that the litigation tactics commonly used by the plaintiffs bypass basic due process and First Amendment protections that should apply to every defendant, in every lawsuit. Outside the courtroom, EFF offers resources for the many Does in these cases who are seeking counsel and trying to understand the nature of the litigation in which they have become embroiled.[3] It has also played a leading role in educating the public about the latest developments in these cases.[4] In short,

---

[1] *Mick Haig Prods. v. Does 1 – 670*, No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010). There, the plaintiff voluntarily dismissed the case with prejudice following the filing of EFF's motion to quash. *Id.*, Docket No. ("DN") 9. A motion for sanctions against plaintiff's attorney regarding the issuing of subpoenas seeking identity information in contravention of the Federal Rules is still pending. *Id.*, DN 10.

[2] *See, e.g.*, *Millenium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2,925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011); *First Time Videos, LLC v. Does 1 – 500*, No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011); *Call of the Wild Movie LLC v. Does 1 – 1,062*, No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D.W.Va. Nov. 23, 2010).

[3] For example, EFF's website includes pages regarding subpoena defense resources and mass copyright litigation. *Subpoena Defense Resources*, Electronic Frontier Foundation, https://www.eff.org/issues/file-sharing/subpoena-defense; *Copyright Trolls*, Electronic Frontier Foundation, https://www.eff.org/issues/copyright-trolls.

[4] *See, e.g.*, Amanda Becker, *New District Law Group Tackles Movie File-sharing*, Wash. Post (June 14, 2010), http://www.washingtonpost.com/wp-dyn/content/article/2010/06/11/ AR2010061105738.html; Greg Sandoval, *EFF's Cohn Fights Copyright's 'Underbelly'*, CNET (Oct. 19, 2010),

EFF has been deeply involved in these cases almost from their inception, allowing it to offer the Court a unique perspective.

EFF seeks leave to file its amicus brief in this action because the Plaintiff seeks to use the authority of this Court to unmask thousands of Doe Defendants, in contravention of (1) the federal rules governing joinder, (2) appropriate jurisdiction principles, and (3) well-settled First Amendment jurisprudence. Especially as there is no indication that many of the targets of the Complaint have been made aware of these proceedings, EFF respectfully requests that it be permitted to appear in order to submit to the Court a discussion of the relevant legal landscape.

As EFF will explain in detail in its brief, the federal courts protect the rights of individual defendants with procedural and substantive safeguards, several of which this Plaintiff has not followed. Recognizing the importance of these safeguards, courts nationwide have severed similar cases, effectively dismissing tens of thousands Doe Defendants. *See, e.g.*, Order Severing Doe 1 and Dismissing Claims Against Does 2 – 435 without Prejudice, *IO Group, Inc. v. Does 1 – 453*, No. 10-4382 (N.D. Cal. Jan. 10, 2011) ("[T]he allegations that defendants simply used the same peer-to-peer network to download plaintiff's work — on many different days at many different times — is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action."); Order Granting Plaintiff's Ex parte Application for Leave to Take Expedited Discovery in Part; Severing Does Defendants from Case; and Ordering Dismissal of their Claims, *Pacific Century International, Ltd v. Does 1-101*, No. C-11-02533 (N.D. Cal. June 7, 2011) (severing all Does but Doe 1 in mass copyright case; "Attempts to join numerous defendants in a single action for copyright infringement over P2P networks historically have failed . . . that BitTorrent users have downloaded the same copyrighted work does not . . . evidence that they have acted together to obtain it.")

EFF's concerns are based, in part, on the context of the case. This litigation is the latest iteration of a disturbing trend of mass copyright cases, in which more than 200,000 people have been sued in lawsuits around the country since March 2010. These cases do not appear to be filed with the intention of litigating them. Instead, it seems that in these cases the plaintiffs' lawyers hope to take

---

http://news.cnet.com/8301-31001_3-20020028-261.html.

advantage of the threat of an award of statutory damages and attorneys' fees, the ignorance of those sued about their potential defenses, and the burden of litigating in a foreign jurisdiction to induce the anonymous defendants into settling the case for a payment of roughly $1,500 to $2,500 dollars.[5] It is no coincidence that this amount is less than a defendant would likely have to spend just to hire a lawyer to defend the case.[6] Thus, the Court's decision on whether Plaintiff will be able to proceed (and, use this court's procedures to obtain the identities of the Defendants) may be the last chance that the Court has to ensure that the Defendants are treated justly.

### III. CONCLUSION

For the foregoing reasons, EFF respectfully requests leave to file an amicus curiae brief and supplemental documents thereto.

Dated: August 15, 2011  Respectfully submitted,

By: /s/ Corynne McSherry
Corynne McSherry
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
T: (415) 436-9333
F: (415) 436-9993
www.eff.org

Attorneys for Amicus Curiae
the Electronic Frontier Foundation

---

[5] Indeed, plaintiffs' counsel in these cases have made public statements to this effect. *See, e.g.*, John Council, *Adult Film Company's Suit Shows Texas Is Good for Copyright Cases,* Tex. Lawyer (Oct. 4, 2010), http://www.law.com/jsp/tx/PubArticleTX.jsp?id=1202472786304; *Porn Titans Come Together to Expose Pirates*, The Independent (Sept. 27, 2010), http://www.independent.co.uk/arts-entertainment/films/porn-titans-come-together-to-expose-pirates-2090786.html.

[6] As EFF will describe in its brief, strong defenses exist for many sued. For example, it appears that Plaintiff in this case would be hard-pressed to prove actual damages caused by any particular Defendant. Furthermore, there is a reasonable chance that Plaintiff will not have any basis for seeking statutory damages because it has not offered any details about the timing of its copyright registration. *See* 17 U.S.C. § 412 (2010). Finally, for the majority of Defendants, this Court simply lacks personal jurisdiction.

# [PROPOSED] ORDER

Good cause appearing, the motion of the Electronic Frontier Foundation for leave to file a brief of amicus curiae is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: _____  _____
Honorable Bernard Zimmerman
United States Magistrate Judge