1   Corynne McSherry (CA SBN 221504)
    corynne@eff.org
2   ELECTRONIC FRONTIER
    FOUNDATION
3   454 Shotwell Street
    San Francisco, CA 94110
4   Telephone: (415) 436-9333
    Facsimile: (415) 436-9993
5
6   Attorneys for Amicus Curiae
    ELECTRONIC FRONTIER
7   FOUNDATION
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
                    **SAN FRANCISCO DIVISION**
11

12
    On The Cheap, LLC d/b/a Tru Filth,        CASE NO. 10-cv-4472 BZ
13  LLC, a California Corporation,
                                              **ELECTRONIC FRONTIER**
14          Plaintiff,                        **FOUNDATION'S REQUEST FOR**
                                              **JUDICIAL NOTICE**
15  v.
                                              Hon. Bernard Zimmerman
16                                            Courtroom C – 15th Floor
    Does 1-5011,
17
            Defendants.
18

19

20

21

22

23

24

25

26

27

28

---

REQUEST FOR JUDICIAL NOTICE
CASE NO. 10-cv-4472 BZ

Pursuant to Federal Rule of Evidence 201 and the authorities cited below, the Electronic Frontier Foundation ("Amicus") hereby requests that this Court take judicial notice of the following materials:

- *West Coast Productions v. Does 1-2010*, No. 3:10-cv-00093 (N.D.W. Va., Dec. 16, 2010), attached hereto as **Exhibit A**.  In this Order, as well as virtually identical Orders issued in five other "mass copyright" lawsuits—each alleging a single count of copyright infringement of the same work—the court found that all defendants except Doe 1 were improperly joined; severed those defendants from the action; and quashed subpoenas seeking identifying information for those defendants.  *See Combat Zone, Inc., v. Does 1-245*, No. 3:10-cv-00096 (N.D.W. Va. Dec. 16, 2010); *Combat Zone, Inc., v. Does 1-1,037*, No. 3:10-cv-00095 (N.D.W. Va. Dec. 16, 2010); *Patrick Collins, Inc., v. Does 1-118*, No. 3:10-cv-00092 (N.D.W. Va. Dec. 16, 2010); *Patrick Collins, Inc., v. Does 1-281*, No. 3:10-cv-00091 (N.D.W. Va. Dec. 16, 2010); *Third World Media, LLC, v. Does 1-1,243*, No. 3:10-cv-00090 (N.D.W. Va. Dec. 16, 2010).

- General Order, *In re cases filed by Recording Companies*, filed in *Fonovisa, Inc. v. Does 1-41*, No. 04-cv-00550, *Atl. Recording Corp. v. Does 1-151*, No. 04-cv-00636, *Elektra Entm't Group, Inc. v. Does 1-11*, No. 04-cv-00703; and *UMG Recordings, Inc. v. Does 1-51*, No. 04-cv-00704 (W.D. Tex. Nov. 17, 2004), *available at* http://www.txwd.uscourts.gov/ rules/stdord/Austin/recording_111704.pdf and attached hereto as **Exhibit B**.

- *Twentieth Century Fox Film Corp. v. Does 1-12*, No. 04-cv-04862 (N.D. Cal Nov. 16, 2004), appending *In the Matter of DIRECTV, INC., Cases pending in the Northern District of California,* No. 02-cv-5912 (N.D. Cal. July 26, 2004), attached hereto as **Exhibit C**.

- General Order, *VPR Internationale v. Does 1-1017*, No. 11-cv-2068 (C.D. Ill. Apr. 29, 2011),

1

REQUEST FOR JUDICIAL NOTICE
CASE NO. 10-cv-4472 BZ

Dkt. 15, attached hereto as **Exhibit D**.

- *In Re: Copyright Infringement Cases With Doe Defendants Related to Civil Action Number 04-1239*, No. 2:04-cv-00650, (E.D. Pa. January 21, 2005) Dkt. 17, attached hereto as **Exhibit E**.

- *LFP Internet Group, LLC v. Does 1-3,120*, No. 3:10-cv-02095 (N.D. Tex. Feb. 10, 2011), attached hereto as **Exhibit F**.  In this Order, as well as virtually identical Orders issued in thirteen other "mass copyright" lawsuits—each alleging a single count of copyright infringement of the same work—the court found that all defendants except Doe 1 were improperly joined; severed those defendants from the action; and quashed subpoenas seeking identifying information for those defendants. *See Lucas Entm't, Inc. v. Does 1-65*, No. 3:10-cv-01407 (N.D. Tex. Feb. 10, 2011); *Lucas Entm't, Inc. v. Does 1-185*, No. 3:10-cv-01537 (N.D. Tex. Feb. 10, 2011); *VCX Ltd., Inc. v. Does 1-113*, No. 3:10-cv-01702 (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-635*, No. 3:10-cv-01863 (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-319*, No. 3:10-cv-02094 (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-1,106*, No. 3:10-cv-02096 (N.D. Tex. Feb. 10, 2011); *LFP Internet Group, LLC v. Does 1-2,619*, No. 3:10-cv-02139 (N.D. Tex. Feb. 10, 2011); *Harmony Films Ltd. v. Does 1-739*, No. 3:10-cv-02412 (N.D. Tex. Feb. 10, 2011); *Adult Source Media v. Does 1-247*, No. 3:10-cv-02605 (N.D. Tex. Feb. 10, 2011); *D & E Media, LLC v. Does 1-258*, No. 3:11-cv-00001 (N.D. Tex. Feb. 10, 2011); *Serious Bidness, LLC v. Does 1-10*, No. 3:11-cv-00002 (N.D. Tex. Feb. 10, 2011); *Steve Hardeman, LLC v. Does 1-168*, No. 3:11-cv-00056 (N.D. Tex. Feb. 10, 2011); *FUNimation Entm't v. DOES 1-1,337*, No. 3:11-cv-00147 (N.D. Tex. Feb. 10, 2011).

1

2

• *IO Group, Inc. v. Does 1-435*, No. 3:10-cv-04382 (N.D. Cal. Jan. 10, 2011), attached hereto

as **Exhibit G**.

3

This request is made in connection with EFF's amicus brief regarding this Court's Order to

4

Show Cause.

5

A district court may take judicial notice of facts that are "not subject to reasonable dispute in

6

7

that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2)

8

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

9

questioned."  Fed. R. Evid. 201(b); *see also Limestone Dev. Corp. v. Vill. of Lemont*, 473 F. Supp. 2d

10

858, 868 (N.D. Ill. 2007) (taking judicial notice of state court litigation because "[j]udicial notice is

11

premised on the concept that certain facts or propositions exist which a court may accept as true

12

13

without requiring additional proof from the opposing parties").   Furthermore, the Federal Rules of

14

Evidence *require* a court to take judicial notice of a matter "if requested by a party and supplied with

15

the necessary information."  Fed. R. Evid. 201(d); *see also In re Ravisent Techs., Inc. Sec. Litig.*,

16

No. 00-CV-1014, 2004 U.S. Dist. LEXIS 13255, at * 2 (E.D. Pa. July 12, 2004).

17

18

Exhibits A-G are all orders from United States Federal District Courts.  It is well established

19

that a court may take judicial notice of matters of public record.  *Opoka v. I.N.S.*, 94 F.3d 392, 394

20

(7th Cir. 1996) ("Indeed, it is a well-settled principle that the decision of another court or agency,

21

including the decision of an administrative law judge, is a proper subject of judicial notice."); *Berg v.*

22

*United Steelworkers of Am., Local 3733*, No. 98-308, 1998 U.S. Dist. LEXIS 4518, at *19-20 (E.D.

23

24

Pa. April 8, 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure,

25

Civil 2d § 1357 (1990) ("matters of public record . . . may also be taken into account")).  Specifically,

26

federal courts may take judicial notice of proceedings in other courts, both within and outside of the

27

28

3

REQUEST FOR JUDICIAL NOTICE
CASE NO. 10-cv-4472 BZ

federal judicial system, if those proceedings have a direct relation to matters at issue.  *Allen v. City of Los Angeles*, 92 F.3d 842 (9th Cir. 1992).

These documents are offered to show how courts around the nation have handled issues of jurisdiction, joinder and free speech rights in analogous cases.  Thus, they are appropriate subject matter for judicial notice pursuant to Federal Rule of Evidence 201(b)(2).

For the foregoing reasons, the Court may properly consider Exhibits A-G as it reviews amicus's brief.

Dated: August 15, 2011                    Respectfully submitted,

By:  /s/  Corynne McSherry
     Corynne McSherry
     corynne@eff.org
     ELECTRONIC FRONTIER FOUNDATION
     454 Shotwell Street
     San Francisco, CA 94110
     T: (415) 436-9333
     F: (415) 436-9993
     www.eff.org

     Attorneys for Amicus Curiae
     the Electronic Frontier Foundation

REQUEST FOR JUDICIAL NOTICE
CASE NO. 10-cv-4472 BZ

# Exhibit A

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**


**WEST COAST PRODUCTIONS, INC.,**

     Plaintiff,

**v.**                                                          **CIVIL ACTION NO.  3:10-CV-93**
                                                                **(BAILEY)**

**DOES 1-2010,**

     Defendants.

## ORDER

Plaintiff West Coast Productions, Inc. is the alleged owner of the copyright of the hardcore pornographic film "Bomb Ass White Booty 14."  The plaintiff brought this suit for copyright infringement against John Does 1-2010, individuals who allegedly illegally downloaded and distributed "Bomb Ass White Booty 14."  When the suit was filed, the plaintiff did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringement.  To discover the actual names of the Doe defendants in this case, the plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses, and the ISPs gave notice to their customers of the subpoena.

Upon inspection of the Complaint [Doc. 1] in the above-captioned case, however, this Court now finds that the Doe defendants have been improperly joined.  For the reasons outlined below, the Court finds that all defendants except Doe 1 should be **SEVERED** from this action.

1

<u>**DISCUSSION**</u>

**I.   <u>Applicable Joinder</u>**

Federal Rule 20(a)(2) of Civil Procedure allows a plaintiff to join multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

To remedy improperly joined parties, the court should not dismiss the action outright, but "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court may act upon motion by a party or *sua sponte*. Id.

**II.   <u>Analysis</u>**

In its Complaint, the plaintiff appears to allege that joinder is based upon the Does' use of some of the same ISPs and some of the same peer-to-peer ("P2P") networks to infringe the same copyright. (See [Doc. 1] at ¶¶ 3-5). "However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." ***Laface Records, LLC, v. Does 1-38***, 2008 WL 544992, *2 (E.D. N.C. Feb. 27, 2008).

Moreover, several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper. *See **BMG Music v. Does 1-4***, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31, 2006) (*sua sponte* severing multiple defendant in action where only connection between them was allegation they used same ISP to conduct copyright infringement); ***Interscope Records v. Does 1-25***, 2004 U.S. Dist.

2

LEXIS 27782, *19 (M.D. Fla. Apr. 1, 2004 (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this Court finds that the defendants' alleged use of some of the same ISPs and P2P networks to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20.[1]

Further evidence of misjoinder is found in the undeniable fact that each defendant will also likely have a different defense. One district court finding improper joinder explained it this way:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

**BMG Music v. Does 1-203**, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004).

For this reason also, the Court finds joinder in this case improper. However, insofar as Rule 21 states that misjoinder of parties is not a ground for dismissing an action, this Court will not dismiss the Doe defendants. Instead, following Rule 21, this Court chooses the route of severance. In fact, this Court will sever all Doe defendants except Doe 1. *See* **BMG Music v. Does 1-203**, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its *sua sponte* order of severance of all but one Doe defendant). Because all claims except Doe 1, whose ISP is AT&T WorldNet Services, will

---

[1]In fact, in this case the plaintiff alleges that nineteen (19) ISPs were used. (See [Doc. 1-1]. This allegation makes the propriety of joinder even more tenuous.

3

be severed from this action, the subpoenas served in this action pertaining to any other Doe defendant are no longer valid.

## CONCLUSION

For the foregoing reasons, the Court finds that:

1.    All defendants except Doe 1 are hereby **SEVERED** from this action;

2.    The subpoenas served on AT&T WorldNet Services, Charter Communications, Clearwire Corporation, Comcast Cable, Cox Communications, EarthLink, Frontier Communications, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Road Runner, Road Runner Business, Sprint, Sprint PCS, Time Warner Telecom, Verizon Internet Services, WideOpenWest, and Windstream Communications are hereby **QUASHED** as to the severed defendants, Does 2-2010.  In this regard, the plaintiff **SHALL NOTIFY** the recipients of these subpoenas that said subpoenas have been quashed.

3.    Plaintiff West Coast Productions, Inc. **MAY**, within thirty (30) days, file individual amended complaints[2] and submit filing fees for those defendants against whom they wish to proceed;

4.    Upon election to proceed, Plaintiff's Counsel **SHALL SUBMIT** to the Clerk of the

---

[2]These amended complaints shall proceed only against Does with IP addresses of computers located within the State of West Virginia.  According to testimony presented to the Court, there is a publicly-available website that allows the plaintiff to determine the physical location of each Doe's computer at the time of the alleged copyright infringements. Specifically, Craig Goldberg, who supervises Time Warner Cable, Inc.'s subpoena compliance team, testified that the physical location of any IP address can be determined from a simple Google search.  (Nov. 30, 2010, Hearing Transcript, at 21-26).  Moreover, it appears to the Court that the search for Does from West Virginia can be narrowed by eliminating the Does with ISPs that do not provide internet service within the State.

Court filing fees for each of the amended complaints against John Does 2-2010, which cases shall be assigned separate civil action numbers;

5.     Civil Action No. 3:10-CV-93 **SHALL BE** assigned to John Doe No. 1 as an individual defendant.  The actions against all other defendants will be deemed to have been filed as of September 24, 2010, the date of the filing of the original Complaint; and

6.     The pending motion **[Doc. 7]**, as well as any filings that can be construed as motions, in Civil Action No. 3:10-CV-93 are hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and mail a certified copy to each interested party of record.

**DATED**: December 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

5

# Exhibit B

# Exhibit B

FILED
AUSTIN DIVISION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS** 2004 NO 17  PM 4: 30
**AUSTIN DIVISION**

WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE

BY:_____

**GENERAL ORDER**      DEPUTY

|  |  |
|---|---|
| **IN RE:** | § |
|  | § |
|  | § |
| **CASES FILED BY** | § |
| **RECORDING COMPANIES** | § |

## ORDER

A consortium of recording companies have filed several recent lawsuits in this Court, alleging that numerous unnamed defendants ("Does") have violated federal copyright laws by downloading music from an "online media distribution system." (See attached list of cases.) Each of these cases names multiple defendants, with as many as 151 "Does" being named in one of the actions. The recent cases actually encompass 254 defendants. It appears that the Plaintiffs may intend to file future suits as well. There are no allegations in any of the cases that the defendants are in any way related to each other, or that they acted in concert or as a group in their allegedly offending actions.

With regard to joinder of claims, the Federal Rules of Civil Procedure provide that multiple parties:

> may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a). There is no allegation in the recently-filed cases that the claims against the joined defendants "arise out of the same transaction, occurrence or series of transactions or occurrences." The claim against each defendant is individual, based on individual acts of each

defendant, and, if proven, will result in unique damage claims. The defendants are not properly joined under Rule 20.

Moreover, there are practical reasons supporting severing the claims against the defendants. The filing fees for the recent four cases totaled $600, whereas the filing fees for 254 separate cases would have been $38,100. That is a considerable loss of revenue to the public coffers. Moreover, the closing of one 151-defendant case   is treated as a single case for statistical purposes, when in fact each defendant should be treated as a single case for such purposes, given that the claim against each defendant is   separate.

Because these four suits are in actuality 254 separate lawsuits, the Court *sua sponte* will dismiss without prejudice all but the first defendant in each case. Plaintiffs will be permitted to refile against the other defendants separately, upon the payment of the appropriate filing fee. In addition, Plaintiffs are ordered to file any future cases of this nature against one defendant at a time, and may not join defendants for their convenience.

IT IS SO ORDERED, this _17_ day of November, 2004.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

### List of cases

1.   *Fonovisa, Inc. et al. v. Does 1-41*; No. A-04-CA-550 LY

2.   *Atlantic Recording Corporation, et al. v. Does 1-151*; No. A-04-CA-636 SS

3.   *Elektra Entertainment Group, Inc., et al. v. Does 1-11*; No. A-04-CA-703 LY

4.   *UMG Recordings, Inc., et al. v. Does 1-51*; No. A-04-CA-704 LY

# Exhibit C

# Exhibit C

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  TWENTIETH CENTURY FOX FILM                    No. C 04-04862 WHA
    CORPORATION, a Delaware corporation;
12  COLUMBIA PICTURES INDUSTRIES, INC., a         **ORDER GRANTING IN PART AND**
    Delaware corporation; PARAMOUNT               **DENYING IN PART PLAINTIFFS'**
13  PICTURES, CORPORATION, a Delaware             **MISCELLANEOUS ADMINISTRATIVE**
    corporation; WARNER BROS.                     **REQUEST PURSUANT TO LOCAL RULE**
14  ENTERTAINMENT, INC., a Delaware               **7-10(b) FOR LEAVE TO TAKE**
    corporation; COLUMBIA TRISTAR HOME            **DISCOVERY PRIOR TO RULE 26**
15  ENTERTAINMENT, INC., a Delaware               **CONFERENCE**
    corporation; and NEW LINE PRODUCTIONS,
16  INC., a Delaware corporation,

17            Plaintiffs,

18     v.

19  DOES 1-12,

20            Defendants.
                                            /
21

22

23        The application to take early discovery is granted, but only as to Doe 1.  The reason is that this

24  case appears to present the same problem as the so-called "DirectTV" cases.  There, Judge Ware was

25  eventually assigned 20 lawsuits, each involving multiple defendants.  There, each of the multiple defendants

26  (in each action) were accused of illegally intercepting encrypted satellite communications.  There, Judge

27  Ware held that the joinder of unrelated defendants violated FRCP 20 since, although the basic claim was

28  similar, the claims arose out of different transactions or occurrences.  So too here — at least on the surface

of the papers submitted. Such joinder may be an attempt to circumvent the filing fees by grouping defendants into arbitrarily-joined actions but it could nonetheless appear improper under Rule 20. A copy of Judge Ware's order in the DirectTV cases is appended.

Consequently, until plaintiffs can show that this case should be treated differently, it will be stayed as to Does 2-12 and prosecuted as to Doe 1. Early discovery as to Doe 1 is now allowed, good cause having been shown. Plaintiffs may seek the identity of Doe 1 (but only Doe 1) from Pacific Bell Internet.

**IT IS SO ORDERED.**

Dated: November 16, 2004.                    ___/s/William Alsup_____
                                             WILLIAM ALSUP
                                             UNITED STATES DISTRICT JUDGE

# Exhibit D

# Exhibit D

**E-FILED**
Friday, 29 April, 2011  09:02:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| VPR INTERNATIONALE, | ) | | |
| | ) | | |
| Plaintiff, | ) | 11-2068 | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| DOES 1 - 1017, individually and as | ) | | |
| representatives of a class, | ) | | |
| | ) | | |
| Defendants. | ) | | |

ORDER

The plaintiff, VPR Internationale, is a Montreal, Quebec-based producer of adult entertainment content.  VPR has filed this complaint against 1,017 Doe defendants identified only by Internet Protocol ("IP") address.  VPR alleges that these defendants have distributed adult videos in violation of VPR's copyrights. To determine the identity of the 1,017 alleged copyright infringers, VPR filed an *ex parte* motion for expedited discovery so that it could immediately serve subpoenas on Internet service providers ("ISPs") to determine the subscriber and location associated with each IP address.  The court denied the motion for expedited discovery [9].  VPR filed an *ex parte* motion for reconsideration, which was denied on March 22, 2011, by text order.

VPR has now filed a motion to certify for interlocutory review the court's denial of its motion for expedited discovery.  VPR seeks certification for one controlling question of law:

> Defendants' identifies are unknown to the Plaintiff.  Instead, each Defendant is associated with an Internet Protocol (IP) address.  Internet Service Providers (ISPs) know identity and contact information associated with each IP address.  Is the Plaintiff to entitled to discover this information by serving ISPs with subpoenas *duces tecum* under Fed. R. Civ. P. 45?

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  In this case, VPR may seek expedited discovery only by court order.

Arguing in favor of certification, VPR directs the court's attention to its motion for reconsideration.  In its memorandum, VPR concedes that the relief sought falls outside traditional adversarial procedure, and states that there is no legal basis to name the ISP providers as defendants.  VPR compares the Doe defendants' IP addresses to "records of *who* rented *which* car at a busy car rental agency, in that IP addresses are like cars "leased by subscribers. If a

1

plaintiff was injured by a rental car, the plaintiff can discover the information on who leased the car from the agency by specifying the license plate of the offending vehicle and the date and time when the injury occurred.  Without access to the agency's records, all the plaintiff has is the identity of the rental agency, but not who was driving the rental car."  The comparison is not apt.  The rental agency owns the car and is a potential defendant, so the adversarial process would yield the driver's information.  And such information is not necessarily confidential; accident reports and police records may also identify the driver.

In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified.  There is no adversarial process yet.  Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers.  Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography.  The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid.  Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material.  Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections  (including a secure connection from the State University of New York).  *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

The list of IP addresses attached to VPR's complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer.  The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article.  The infringer might be the subscriber, someone in the subscriber's  household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas.  The potential filing of a motion to quash is no reason to abandon the adversarial process.  As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed.  In at least one case, counsel[1] has sought leave to amend the complaint to add more Doe defendants.  *See Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants).  In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff.  *Hard Drive*,

---

[1] VPR is represented by John Steele, Esq.  Steele represents other adult entertainment producers in cases now (or recently) pending in the Northern and Southern Districts of Illinois.

Case No. 1:10-cv-05606, d/e 33 (N.D. Ill.).[2]   Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect."[3] Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong?  The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

In its order denying the motion for expedited discovery, the court noted that until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions.  Order, d/e 9.

The motion to certify for interlocutory review [14] is denied.

Entered this 29th day of April, 2011.

**\s\Harold. A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[2] In *Lightspeed*, only one defendant has been named and his case severed; the ISP subpoenas have been quashed, the other Does are dismissed, and Steele has been ordered to notify the Does that they are no longer potential defendants in the case. *See* Case No. 1:10-cv-05604, d/e 57 (N.D. Ill.).

[3] MSNBC article, p. 2.

3

# Exhibit E

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| IN RE: COPYRIGHT INFRINGEMENT | : | |
| CASES WITH DOE DEFENDANTS | : | CIVIL ACTION |
| RELATED TO CIVIL ACTION | : | NO. |
| NUMBER 04-1239 | : | |
| | : | |

## <u>STANDING ORDER</u>

**AND NOW**, this 21st day of January, 2005, for the purposes of consistency and in congruence with the Court's October 13, 2004 Order granting Plaintiffs Motion for Leave to Take Immediate Discovery in <u>Elektra Entertainment Group, Inc. v. Does 1-6</u>, No. Civ.A.04-1241, [Doc. #14], as amended by Order dated October 25, 2004 [Doc. #15], the Court issues the following Standing Order to apply to all current and future copyright infringement actions having "Doe" defendants filed in the Eastern District of Pennsylvania that are related to Civil Action Numbers 04-1239 and 04-1241 and that have been or will be assigned for pre-trial administrative purposes to the undersigned.  It is hereby **ORDERED** as follows:

1.   Plaintiffs may take immediate discovery on each respective Doe Defendant's Internet Service Provider ("ISP") to obtain the identity of the Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

2.   Plaintiffs may use the information obtained by this Rule 45 subpoena solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

3.   Plaintiffs shall attach the Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to the aforementioned Rule 45 subpoena.

The Rule 45 subpoena shall instruct the ISP to distribute a copy of said notice to each Doe Defendant within seven days of service of the subpoena.

4. With respect to cable ISPs, this ruling further authorizes disclosure of information pursuant to 47 U.S.C. § 551(c)(2)(B).

5. Any future notices to any Defendant in these cases must be pre-approved by the Court.

It is further **ORDERED** that the Clerk of Court shall place this Standing Order on the dockets of all current and future copyright infringement actions having "Doe" defendants filed in the Eastern District of Pennsylvania that have been or will be assigned for pre-trial administrative purposes to the undersigned.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE,  J.**

# Exhibit F

# Exhibit F



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LFP INTERNET GROUP LLC,　　§
　　　Plaintiff,　　　　　　　　§
　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　§　　Civil No. 10-cv-2095-F
v.　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　§
DOES 1-3,120,　　　　　　　§
　　　Defendants,　　　　　　　§
　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　§

## ORDER SEVERING DOES 2-3,120; QUASHING SUBPOENAS; AND DISMISSING ALL PENDING MOTIONS AS MOOT

Plaintiff, LFP Internet Group, LLC, filed its Original Complaint on October 17, 2010, against Does 1-3,120 alleging copyright infringement of the motion picture, "This Ain't Avatar XXX," via the internet. When Plaintiff filed the suit it did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP") addresses assigned to each Defendant by his or her Internet Service Provider ("ISP"). To discover the actual names of the Doe Defendants in this case, Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, which the Court granted. *See* Docket No. 8. Plaintiff subpoenaed the ISPs who provide service to the identified IP addresses seeking information sufficient to identify each Doe Defendant, including their names, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses. This case was transferred to this Court on January 26, 2011. *See* Docket No. 40.

Upon inspection of Plaintiff's Complaint, the Court finds that Doe Defendants 2-3,120 have been improperly joined. For the reasons stated below, the Court finds that all Defendants except Doe 1 should be SEVERED from this action.

## DISCUSSION

In its Complaint, Plaintiff alleges that "Defendants collectively participated, via the internet, in the unlawful reproduction and distribution of Plaintiff's copyrighted motion picture, '*This Ain't Avatar XXX*,' by means of file transfer technology called, BitTorrent." Docket No. 1 at 1-2. According to the Complaint, the BitTorrent software allows a user to log onto a private website, select a reference file containing the desired movie, and load that reference file onto a computer program designed to read such files. After the reference file is loaded, the BitTorrent program is able to employ the BitTorrent protocol to initiate simultaneous connection to hundreds of other users possessing and "sharing" copies of the digital media in the reference file, in this case, Plaintiff's motion picture. The program then coordinates the copying of the film to the user's computer from the other users "sharing" the film. As the film is being copied to the user's computer, the downloaded pieces are immediately made available to other users seeking to obtain the file. Plaintiff alleges that this is how each Defendant simultaneously reproduced and/or distributed the motion picture.

However, there are no allegations in Plaintiff's Complaint that the Defendants are in any way related to each other, or that they acted in concert or as a group in their allegedly offending actions. The Complaint only alleges that "each Defendant, without the permission

2

or consent of the Plaintiff, has used, and continues to use, BitTorrent software to reproduce and/or distribute Plaintiff's motion picture to hundreds of other BitTorrent users." Docket No. 1 at 5. The Federal Rules of Civil Procedure provide that multiple parties may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20 (a)(2).

Plaintiff makes no allegation in this case that the claims against the joined defendants "arise out of the same transaction, occurrence, or series of transactions or occurrences." Instead, it seems that the copyright infringement claim against each Defendant is based on the individual acts of each Defendant. Plaintiff only alleges in its Complaint that each defendant uses the same method for committing the infringement, but "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *West Coast Prods., Inc. v. Does 1-535*, No. 3:10-CV-94 (N.D. W. Va. Dec. 16, 2010) (order severing all defendants from action except Doe 1) (quoting *Laface Records, LLC v. Does 1-38*, 2008 WL 544992, *2 (E.D.N.C. Feb. 27, 2008)).

In fact, several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper. *See, e.g. Fonovisa Inc. et al. v. Does 1-41*, No. A-04-CA-550-LY (W.D. Tex. Nov. 17, 2004) (*sua sponte* dismissing without prejudice all

but the first defendant in several cases filed by recording companies against numerous Does accused of violating federal copyright laws by downloading music from an "online media distribution system"); *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31, 2006) (*sua sponte* severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement). Accordingly, the Court finds that Defendants' alleged use of the BitTorrent software system to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20.

Additionally, permissive joinder is improper in this case because each Defendant will also likely have a different defense. Another district court finding improper joinder explained it this way:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

*West Coast Prods., Inc.*, No. 3:10-CV-94 (quoting *BMG Music v. Does 1-203*, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004)). Therefore, the Court finds joinder of Defendants 2-3,120 in this case improper.

However, Federal Rule of Civil Procedure 21 states that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R.

Civ. P. 21.  Accordingly, the Court will sever all Defendants from this case except Doe 1.

Because all claims except Doe 1 will be severed from this action, the subpoenas served in this

action pertaining to any other Defendant's ISP are no longer valid.  Additionally, the Court

is of the opinion that the subpoena served pertaining to Doe 1 should be quashed pending this

Court's determination as to whether an attorney ad litem should be appointed to protect

Doe 1's interests.

## CONCLUSION

For the forgoing reasons, the Court ORDERS that:

(1) All Defendants except Doe 1 are hereby SEVERED from this action;

(2) The subpoenas served on the ISPs listed in Exhibit A of Plaintiff's Complaint

(Docket No. 1-1) are hereby QUASHED as to all Defendants, Does 1-3,120.  Plaintiff

SHALL IMMEDIATELY NOTIFY the recipients of these subpoenas that said subpoenas

have been quashed;

(3) Within 30 days from the date of this order, Plaintiff may file individual complaints

against those Does whom they wish to proceed.  Upon election to proceed, Plaintiff shall

submit to the Clerk of the Court filing fees for each of the complaints against those Does

whom Plaintiff wishes to proceed.  Such cases will be assigned separate civil action numbers

and placed on this Court's docket;

(4) Civil Action No. 3:10-cv-2095-F shall be assigned to Doe No. 1 as an individual

defendant.  The actions filed within 30 days of this Order against any other Doe Defendant

severed from this case, will be deemed to have been filed as of October 17, 2010, the date of the filing of the original Complaint;

(5) The pending Motion to Quash (Docket No. 24), as well as any filings that can be construed as motions, in Civil Action No. 3:10-cv-2095-F are hereby DENIED AS MOOT. The Court DENIES WITHOUT PREJUDICE Plaintiff's Motion to Compel (Docket No. 41). because there does not appear to be any objections filed by Doe 1, who is now the only Defendant in this case, the Court is of the opinion the Motion to Compel is now moot, however, Plaintiff is free to re-file the Motion to Compel if necessary; and

(6) The Clerk is directed to transmit copies of this Order to counsel of record and mail a certified copy to each interested party of record.

It is so Ordered.

Signed this 10 day of February, 2011.

Royal Furgeson
Senior United States District Judge

# Exhibit G

# Exhibit G

United States District Court
For the Northern District of California

1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 IO GROUP, INC.,                              No. C 10-04382 SI

9            Plaintiff,               **ORDER SEVERING DOE 1 AND**
                                      **DISMISSING CLAIMS AGAINST DOES 2**
10   v.                               **- 435 WITHOUT PREJUDICE;**
                                      **MODIFYING DISCOVERY ORDER**
11 DOES 1 - 435,

12            Defendant.
     _____/
13

14          Plaintiff filed this copyright infringement case on September 28, 2010, alleging that 435 "Doe"

15 defendants illegally reproduced, distributed and publicly shared copies of plaintiff's copyright protected

16 works on a peer-to-peer network, "eDonkey 2000." Complaint ¶ 1. Plaintiff identified the IP addresses

17 associated with each of the Does, as well as the particular registered work or works each Doe defendant

18 allegedly reproduced on eDonkey2000 and the date of that reproduction. *Id.*, ¶¶ 22 - 456. On October

19 8, 2010, plaintiff moved the Court for permission to take early discovery, specifically to issue a

20 subpoena to internet service provider Comcast Internet in order to identify the name, address, e-mail

21 address and telephone number of the subscribers associated with the identified IP addresses. On

22 October 15, 2010, Magistrate Judge Ryu granted the motion for early discovery, but required Comcast

23 to provide each subscriber identified with notice of the subpoena and sufficient time to object to the

24 discovery and/or move to quash the subpoena before releasing the information to plaintiff. Docket No.

25 9.

26          After a subscriber, J.W., moved to quash the subpoena,[1] Judge Ryu severed J.W.'s claims from

27

28          [1] J.W. also moved for a protective order and to dismiss the claims for lack of personal
jurisdiction. *See* docket Nos. 11-13.

United States District Court
For the Northern District of California

1   this case.[2]  In light of the high likelihood that at least one of the hundreds of other Doe defendants will

2   decline to consent to the jurisdiction of a magistrate judge, Judge Ryu ordered that this action – the

3   claims against the remaining Doe defendants – be reassigned to an Article III judge.  Docket No. 28.

4   At that time, Judge Ryu also denied plaintiff's motion to extend the deadline for service on the Doe

5   defendants due to Comcast's inability to identify all of the Doe defendants before May 31, 2011.

6          This case was subsequently reassigned to the undersigned Judge.  The complaint presents similar

7   allegations to another case presently before this Judge, *IO Group, Inc. v. Does 1 - 19*, Case No. 10-3851.

8   That case also asserted copyright infringement claims against 19 Doe defendants who allegedly

9   reproduced one or more of plaintiff's works on eDonkey2000.  After this Court granted plaintiff leave

10  to serve early discovery in Earthlink, Inc., this Court considered a motion to quash filed by a subscriber,

11  "Doe Defendant 4."  *See* Case No. 10-3851, Docket No. 23.  In ruling on that motion, the Court found

12  that plaintiff had improperly joined Does 1 through 19.  December 7, 2010 Order at 4-6. The Court held

13  that the complaint lacked any specific factual allegations to support plaintiff's claims that the Doe

14  defendants conspired or otherwise acted in concert. *Id.* at 5.  Instead, the only specific factual allegations

15  were that the Doe defendants used the same peer-to-peer network to reproduce plaintiff's works on

16  different dates.  Those allegations, however, were insufficient as a matter of law to support joinder and

17  allow plaintiff to benefit from filing one, as opposed to many, lawsuits.  *Id.* at 5.  In so ruling, the Court

18  relied on other cases where courts, faced with similarly deficient allegations, *sua sponte* severed the

19  claims of the misjoined defendants and dismissed the severed defendants.  *Id.* at 5 (citing *Laface*

20  *Records, LLC v. Does 1 - 38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008); *Interscope*

21  *Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004); *BMG Music v. Does*,

22  2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006); *Twentieth Century*

23  *Fox Film Corp. v. Does* 1-12, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.)).

24         This complaint suffers from the same defects the Court identified in *IO Group, Inc. v. Does 1-*

25  *19.*  There are no facts to support the assertion that defendants conspired with each other to reproduce

26  plaintiff's works on eDonkey 2000 and the allegations that defendants simply used the same peer-to-

27

28         _____

        [2]  The claims against J.W will proceed before Judge Ryu as No. C 10-5821 DMR.

peer network to download plaintiff's works – on many different days at many different times – is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action.

As such, the Court HEREBY Orders that Does 2 through 435 are SEVERED and DISMISSED from this action. Plaintiff can refile separate complaints against Doe defendants 2 through 435 within twenty (20) days from the date of this Order. If plaintiff files new complaints within twenty (20) days, such actions shall be deemed a continuation of the original action for purposes of the statute of limitations.

In light of the severance and dismissal, the Order authorizing early discovery and the issuance of a subpoena on Comcast is now overbroad. Docket No. 9. As such, the Court's October 15, 2010 Order is HEREBY modified to allow discovery only as to Doe 1 (*see* Complaint ¶ 22), and is stayed in all other respects. Plaintiff is hereby ORDERED to serve a copy of this Order on Comcast within two days of its issuance. After such service, Comcast shall not disclose any further information regarding Does 2 through 435 absent further order of this Court. This Order is without prejudice to plaintiff seeking discovery to identify each severed Doe, if and when plaintiff files new complaints against the individual Does. Relatedly, this Order does not prevent plaintiff from using the information already disclosed by Comcast, for example, to file new lawsuits identifying former Doe defendants by name or other identifying information.

**IT IS SO ORDERED.**

Dated: January 10, 2011

_____
SUSAN ILLSTON
United States District Judge

3